In the Matter of JOSEPH A. ROBICHAUD, Appellant, v. TRUSTEES OF UNION FREE SCHOOL DISTRICT NO. 1, PUBLIC SCHOOLS OF THE TARRYTOWNS, et al., Respondents.— Proceeding under article 78 of the CPLR to annul the determination of the respondents, trustees of the local school district, dismissing petitioner from his position as school custodian on the ground that he is physically unable to perform the full duties required of him. By order of the Supreme Court, Westchester County, made May 7, 1964 pursuant to statute (CPLR 7804, subd. [g]), the proceeding has been transferred to this court for disposition. Determination modified on the law and the facts as follows: (a) by striking out the provision terminating the petitioner's employment or dismissing him from his position as of November 18, 1963; and (b) by substituting therefor a provision suspending him without pay from his position for the period November 18, 1963 to February 1, 1965, and directing his reinstatement to his position as of February 1, 1965. As so modified, the determination is confirmed, without costs. Petitioner was dismissed from his position as school custodian on findings, sustained by the evidence, that he incurred a disability in the course of his duties and that such disability caused him to be able to do only light work. Petitioner was not removed for misconduct. Other than his service-incurred disability, his record is without blemish. Under these circumstances, it was harsh to remove petitioner after 14 years, 7½ months of service. Reinstatement as of February 1, 1965 will permit application for ordinary disability retirement to be made either by the petitioner himself or by the head of the department in which he is employed, or by any person acting on petitioner's behalf (Retirement and Social Security Law, § 62). Beldock, P. J., Hill and Benjamin, JJ., concur; Christ and Rabin, JJ., dissent and vote to confirm the determination, with the following memorandum: The evidence is more than adequate to support the finding that petitioner is physically unable to perform the duties of school custodian, and the majority so finds. That determination is the only question before us for review. We may not decree that the trustee should have delayed *their finding of physical disability* in order to permit the petitioner first to accumulate the statutorily required time for voluntary disability retirement. The Legislature has fixed the time after which a disabled employee may receive disability retirement compensation; it is 15 years (Retirement and Social Security Law, § 62). The majority in this case rewrites that section by holding that, although the petitioner is unable to perform his duties, he must nevertheless be reinstated to his position with full pay until he has achieved 15 years' service. Such holding is a usurpation of the powers of the school board and a distortion of the plain legislative plan. Moreover, the majority holding is basically impracticable. Petitioner has given no indication that upon the expiration of the 15 years he will co-operate in any application for disability retirement. On the contrary, the record discloses that petitioner has rejected the suggestion that he apply for retirement. The action of this court would then put the school board to the task of seeking "removal" of petitioner for disability a second time and in such case the Comptroller, not the school board, makes the crucial determination (Retirement and Social Security Law, § 62).